Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADELITA ESPINOZA,** | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| vs. | )  **OF FEDERAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| **FMS INVESTMENT CORP.,** | ) **AND ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| Defendant. | ) |
| _____ ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Adelita Espinoza ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, FMS Investment Corp., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about September, 2010, Defendant began calling Plaintiff in attempt to collect an alleged debt.

7. On several occasions, Defendant failed to identify itself as a debt collector, or that the call to Plaintiff was an attempt to collect an alleged debt.

8. On several occasions, Defendant used an automated system to call Plaintiff. At times, the automated system calls repeatedly and hangs up. At other times, the automated system leaves a voicemail. Plaintiff has attempted to call Defendant on more than one occasion, and the number failed to connect.

9. On more than one occasion, Defendant has called Plaintiff and failed to identify its true name, or the name of the caller.

10. Defendant has placed an excessive number of calls to Plaintiff in its attempt to collect an alleged debt, including, but not limited to, calling Plaintiff with an automated system that calls repeatedly and hangs up.

11. On November 2, 2010, Plaintiff's counsel sent a request for verification to Defendant. When Defendant failed to respond to that request, Plaintiff's counsel sent a follow-up letter on November 22, 2010. Defendant has failed to respond to either letter to date.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff with an automated dialing system (Cal Civ Code §1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff with an automated dialing system (Cal Civ Code §1788.11(e));

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff with an automated dialing system (§1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, calling Plaintiff repeatedly with an automated dialing system (§1692c(a)(1));

e) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));

f) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6));

g) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

h) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

 A. Declaratory judgment that Defendant's conduct violated the FDCPA;

 B. Actual damages;

 C. Statutory damages;

 D. Costs and reasonable attorney's fees; and,

 E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.	Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.	Actual damages;

C.	Statutory damages for willful and negligent violations;

D.	Costs and reasonable attorney's fees,

E.	For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 22nd day of May, 2011.

By:	s/Todd M. Friedman
	Todd M. Friedman (216752)
	Law Offices of Todd M. Friedman, P.C.
	369 S. Doheny Dr. #415
	Beverly Hills, CA 90211
	Phone: 877-206-4741
	Fax: 866-633-0228
	tfriedman@attorneysforconsumers.com
	Attorney for Plaintiff